# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ALONZO DEAN SHEPHARD,  Case No. 1:09-cv-16
  Plaintiff  Weber, J.

vs

SHIRLEY POPE, et al.,  **ORDER**
  Defendants

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this action against forty-two named defendants. Plaintiff's complaint alleges a multitude of conclusory allegations concerning the conditions of his confinement at SOCF over the many years of his imprisonment. The complaint also alleges a litany of other claims which are delusional, irrational, confusing or unintelligible, or which have previously been addressed by this Court in plaintiff's numerous other cases. Plaintiff seeks "two injunctions" and monetary relief. This matter is before the Court on plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 2).

Mr. Shephard is a frequent and abusive litigant in the Sixth Circuit Court of Appeals and in the district court. *See Shephard v. Marbley*, 23 Fed. Appx. 491, 2001 W.L. 1557003 (6th Cir. 2001). Pursuant to the Court's Order in *In re: Alonzo Dean Shephard*, No. MC-3-99-025 (S.D. Ohio Nov. 1, 1999)(Rice, J.), the Clerk of Court has been directed to not file any papers tendered by Mr. Shephard unless he receives prior judicial authorization. Mr. Shephard has failed to request and obtain prior judicial authorization to file the instant complaint.

In addition, Mr. Shephard is prohibited from filing this action *in forma pauperis* in accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No.

104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915, which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In 1996, this Court determined that plaintiff may not file any civil action in this Court *in forma pauperis* because he previously filed at least three frivolous actions in the federal courts. *See Shephard v. McGurie,* MS 1-96-199 (S.D. Ohio Oct. 18, 1996) (Spiegel, J.) (Doc. 4). In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless the statutory exception applies, that is, unless he "is under imminent danger of serious physical injury." § 1915(g).

Under the plain language of the statute, plaintiff must be "in imminent danger at the time that he seeks to file his suit in district court" to qualify for the exception to the three strike provision of § 1915(g). *See Wallace v. Franklin,* 66 Fed. Appx. 546, 547 (6th Cir. 2003) (unpublished), 2003 WL 21054680, *1-2; *accord Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003); *Malik v. McGinnis,* 293 F.3d 559, 562 (2d Cir. 2002); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin,* 144 F.3d 883, 885 (5th Cir. 1998). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar,* 239 F.3d at 315.

2

The Court is unable to discern from plaintiff's complaint any facts indicating he is under imminent danger of serious physical injury. Therefore, plaintiff does not meet the exception to section 1915(g). Accordingly, plaintiff's motion to proceed *in forma pauperis* is **DENIED**.

Moreover, as noted above, the complaint is conclusory and repeats many of the same allegations previously alleged in Mr. Shephard's previous lawsuits. The filing of duplicate lawsuits is malicious and "an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d)."[1] *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). *See also Washington v. Reno*, 1995 WL 376742, *1 (6th Cir. 1995) (citing *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (per curiam); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir.), *cert. denied*, 450 U.S. 985 (1981)). Accordingly, plaintiff's complaint is sua sponte **DISMISSED** as malicious. *See* 28 U.S.C. §§ 1915(e)(2)(b)(i), 1915A.

Plaintiff is hereby assessed the full filing fee of $350.00. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). *See also In re Alea*, 286 F.3d 378, 382 (6th Cir.), *cert. denied*, 537 U.S. 895 (2002).

**IT IS SO ORDERED.**

Date: 1/26/09

Herman J. Weber, Senior Judge
United States District Court

---

[1] Section 1915(d) is the precursor to current Section 1915(e)(2)(B)(i).